*289 OPINION.
James:
When first called for hearing, this appeal was continued to give the representative of the taxpayer an opportunity to present evidence in support of the allegations of its petition and to overcome the denials of the Commissioner in his answer. At the second hearing the taxpayer produced the cashier of the bank as a witness, who testified in general terms to the manner in which the business of the taxpayer was carried on in connection with the Liberty Loans. This evidence, together with the documentary evidence introduced, is summarized in the foregoing findings of fact. No evidence whatever was introduced as to the amount of interest collected by the clipping of coupons or from subscribers to the Liberty Loans in either of the taxable years here in question.
The petition does not show even the amount of interest claimed to be taxable by the Commissioner and denied to be taxable by the taxpayer. The Commissioner, in paragraph 3 of his answer, states:
Admits that the Commissioner refused to include in exempt income of 1919 and 1920, respectively, the amounts of $3,069.53 and $1,860.41.
*290 In paragraph 6 the Commissioner says:
Denies that the amounts of $3,069.53 and $1,860.41 involved represented exempt income to this taxpayer.
If the taxpayer were entirely correct in all of its allegations, and if it were entirely correct in its position as to the law of the case, it still must be held that it has failed both to plead and to prove the essential facts upon the establishment of which its success in this appeal depends.